IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01441-BNB

DOUGLAS JAY WEST,

    Plaintiff,

v.

WARDEN, (Acting at Time of Incident), Fremont Corr. Facility (FCF),
OFFICER SHANNON, PATRICIA (FCF),
SGT. FIGUEROA, PHILLIP (FCF),
LT. JOHNSON, LANCE (FCF), and
(DOES), to be named upon discovery, et al.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT

OCT 19 2007

GREGORY C. LANGHAM
                   CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Douglas Jay West is a prisoner in the custody of the Colorado Department of Corrections at Buena Vista Correctional Facility at Buena Vista, Colorado. Mr. West initiated this action by filing *pro se* a complaint. On August 27, 2007, he filed on the proper form an amended complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution were violated while he was incarcerated at the Fremont Correctional Facility.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. West is a prisoner and he is seeking redress from an officer or employee of a governmental entity. Pursuant to § 1915A(b), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a

legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous pursuant to § 1915A(b).

The Court must construe the amended complaint liberally because Mr. West is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate. *See id.*

Mr. West claims that he was denied due process in connection with a prison disciplinary conviction for assault on a staff member. Mr. West specifically alleges that the charge against him was deliberately and knowingly false and that, as a result of the disciplinary conviction, he was placed in segregation, earned time credits were withheld, and he was transferred to a higher security facility. Mr. West asserts his due process claims against Defendants Officer Patricia Shannon, Sergeant Phillip Figueroa, and Lieutenant Lance Johnson. Mr. West does not assert any facts to demonstrate that the warden of the Fremont Correctional Facility, who also is named as a Defendant, personally participated in the alleged denial of due process. In fact, Mr. West asserts that the warden is being sued based on a theory of supervisory liability.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. West must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

The claims against the Defendant identified as the warden of the Fremont Correctional Facility will be dismissed for lack of personal participation because Mr. West makes no allegations against the warden. The Court will not address at this time the merits of Mr. West's claims against Defendants Shannon, Figueroa, and Johnson. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the claims asserted against Defendant Warden of the Fremont Correctional Facility are dismissed pursuant to 28 U.S.C. § 1915A(b) as legally frivolous. It is

FURTHER ORDERED that Defendant Warden of the Fremont Correctional Facility is dismissed as a party to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 18 day of Oct, 2007.

BY THE COURT:

*Zita Weinshienk*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01442-BNB

Douglas Jay West
Prisoner No. 108376
Buena Vista Corr. Facility
PO Box 2017 - SEG - UN 14
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  10/19/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk