IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01441-WDM-KMT

DOUGLAS JAY WEST,

    Plaintiff,

v.

OFFICER SHANNON, PATRICIA (FCF),
SGT. GIGUERO, PHILLIP (FCF),
LT. JOHNSON, LANCE (FCF), and
(DOES) to be named upon discovery,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This case involves claims that Defendants violated plaintiff's constitutional rights while he was incarcerated in the Fremont Correctional Facility ("FCF") in May and June 2005. This matter is before the court on Defendants' "Motion to Dismiss" (Doc. No. 17) filed December 28, 2007. Jurisdiction is premised upon 42 U.S.C. § 1983 (2007).

## STATEMENT OF THE CASE

    The following facts are taken from Plaintiff's amended Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff Douglas Jay West has named as Defendants Officer Patricia Shannon, a former Colorado Department of Corrections ("CDOC") employee; Sergeant Phillip Figueroa, a CDOC employee; and Lieutenant Lance Johnson. (Am. Prisoner Compl. at 2–3 [hereinafter "Am. Compl."] [filed August 27, 2007].) In

Claim One, Plaintiff alleges on May 25, 2005, he was falsely accused by Defendant Shannon of assaulting her. (*Id.* at 6.) He states Defendants Johnson and Figueroa corroborated the false allegations. (*Id.*) In Claim Two, Plaintiff states he was placed in segregation under false pretenses in violation of the Fourteenth Amendment. (*Id.* at 7.) In Claim Three, Plaintiff states he was denied a liberty interest because earned time was withheld from him without justification. (*Id.* at 8.) In Claim Four, Plaintiff states he has been reclassified at a higher level of security risk, thereby leading to a facility transfer from FCF to Buena Vista Correctional Facility ("BVCF") in violation of his Fourteenth Amendment rights. (*Id.*) Plaintiff seeks money damages and declaratory relief. (*Id.* at 11.)

Defendants have moved for dismissal of Plaintiff's claims because (1) they are barred by the statute of limitations; (2) they are barred by the "favorable termination" requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994); (3) Plaintiff has failed to state a claim upon which relief can be granted; and (4) the compensatory damages claims are barred by the Prison Litigation Reform Act. (Mot. to Dismiss [hereinafter "Mot."] [filed December 28, 2007].)

## PROCEDURAL HISTORY

Plaintiff's original Prisoner Complaint was received by the Clerk of Court on June 28, 2007, and filed on July 10, 2007. (Compl.) Also on July 10, 2007, Magistrate Boyd N. Boland issued an order directing the Clerk of Court to commence Plaintiff's civil action and ordering Plaintiff to file an amended complaint using the court's current form within thirty days. (Doc. No. 2.) On July 20, 2007, Magistrate Judge Boyd N. Boland issued a minute order granting Plaintiff an extension of time up to and including August 31, 2007, to file his amended

complaint. (Doc. No. 5.) Plaintiff filed his amended Prisoner Complaint on August 27, 2007. (Am. Compl.) Defendants Figuero and Johnson filed their motion to dismiss on December 28, 2007. (Mot.) On January 3, 2008, Plaintiff filed a "Motion to Serve Defendant and Stay Dismissal," which this court denied, advising the motion would be construed as a response to the motion to dismiss. (Doc. No. 41.) No reply has been filed. This matter is ripe for review and recommendation.

## STANDARD OF REVIEW

*1.* **Pro Se** *Plaintiff*

Douglas Jay West is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the

plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

2.  *Fed. R. Civ. P. 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pleaded factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court articulated a new "plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974. The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer*

*v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). In evaluating a 12(b)(6) motion to dismiss, it is appropriate to look to whether the plaintiff has alleged each element necessary to establish a prima facie claim on which relief can be granted. *See Ruiz*, 299 F.3d at 1182-83; *Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 902-903 (10th Cir. 1997). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

**ANALYSIS**

*1.   Plaintiff's Claims are Barred by the Statute of Limitations*

Defendants assert Plaintiff's claims are barred by the statute of limitations. (Mot. at 3.) Title 42 U.S.C. § 1983 contains no statute of limitations. Although state law governs the length of the statute of limitations, the characterization of the claim for the purpose of determining the applicable statute of limitations is a federal question. *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985). "[A] simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose" and these claims are best characterized as personal injury actions. *Id.* at 272, 280. Where a state has multiple statutes of limitations for personal injury actions, the residual or general personal injury statute of limitations applies. *Owens v. Okure*, 488 U.S. 235, 236 (1989). The relevant statute of limitations in Colorado is provided in Colo. Rev. Stat. § 13–80–102. "All actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" as well as "[a]ll other actions of every kind for which no other period of limitation is provided" must be commenced within two years after the cause of action accrues, if

at all. Colo. Rev. Stat. § 13-80-102(1)(g),(I). The determination of when a § 1983 claim accrues is governed by federal law. *Wallace v. Kato*, 127 S. Ct. 1091, 1095, *rehearing denied*, 127 S. Ct. 2090 (2007). For the purpose of the statute of limitations, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson County Com'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

Plaintiff alleges his claims arise out of false accusations made against him by Defendant Shannon that Plaintiff assaulted her on May 25, 2005. (Compl. at 6.) In support of his claim, Plaintiff attaches the Notice of Charges containing the allegations of assault made against him. (Compl., Ex. A.) The Notice is signed and acknowledged by Plaintiff on June 4, 2005, and states the hearing that resulted in Plaintiff's conviction regarding the assault charges was scheduled for June 6, 2005. (*Id.*) Therefore, Plaintiff's claims accrued, at the very latest, on June 6, 2005, when the hearing regarding the assault charges was held, as this is the date Defendant Shannon made any allegedly false accusations and the date Defendants Johnson and Figueroa allegedly corroborated the false allegations. In addition, Plaintiff would have been aware of how the alleged false allegations impacted him, in other words he would have known or had reason to know of his alleged injury, on June 6, 2005.

As noted above, Plaintiff's original Prisoner Complaint was received by the Clerk of Court on June 28, 2007, and filed on July 10, 2007. (Compl. at 1, Doc. No. 3.) Plaintiff's declaration contained in the original Complaint was signed by and dated by the plaintiff on June 24, 2007, and the certificate of mailing was signed and dated by the plaintiff on June 24, 2007. (*Id.* at 10.) Plaintiff asserts he originally filed his complaint in a timely manner. (Resp. at 2–3,

7.) However, there is no evidence in the docket that the Clerk of Court received anything from Plaintiff any earlier than June 28, 2007, nor is there evidence that Plaintiff sent a complaint dated any earlier than June 24, 2007. Therefore, if the court takes into consideration that, as a prison inmate, Plaintiff is entitled to the "mailbox rule," the earliest date Plaintiff's complaint can be considered filed is June 24, 2007.[1] This is approximately eighteen days outside of the two-year statute of limitations. Therefore, Plaintiff missed the expiration of the two-year statute of limitations provided for in C.R.S. § 13-80-102(1)(g),(i).

Plaintiff argues that equitable tolling should apply to this cause of action. (Resp. at 7.) Under Colorado law, "an equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996). "Once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled." *Garrett v. Arrowhead Improvement Ass'n*, 826 P.2d 850, 855 (Colo. 1992). Plaintiff offers nothing to prove that equitable tolling provisions should apply, other than an inference that the court prevented him from timely filing due to the order that he amend his complaint. (Resp. at 7–8.) As discussed above, that time has already been 'tolled' since this court is considering the plaintiff's filing date—June 24, 2007—as the

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (*pro se* prisoner's motion is "filed" when prisoner delivers papers to prison authorities for mailing).

date when the first document received by the Clerk of Court was signed by the plaintiff, and presumably delivered to prison authorities for mailing. It is that early date which was already eighteen days outside the statute of limitations. Without any evidence of equitable tolling to a date earlier than June 24, 2007, Plaintiff's claims are barred by the statute of limitations.

Defendants also raise in their motion to dismiss other arguments on which Plaintiff's claims may be precluded. Although their arguments may well be meritorious, because the issue of statute of limitations is so clear, this court will not address those issues as part of its recommendation of dismissal.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendants' "Motion to Dismiss" (Doc. No. 17) be GRANTED and this case be dismissed in its entirety with prejudice as being barred by the statute of limitations.

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As*

*2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 18th day of August, 2008.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge