IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-cv-01441-WDM-KMT

DOUGLAS JAY WEST,

    Plaintiff,

v.

OFFICER SHANNON, PATRICIA (FCF), et al.,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Kathleen M. Tafoya (doc no 46), filed August 18, 2008, that Defendants' Motion to Dismiss (doc no 17) be granted. Plaintiff did not file an objection to the recommendation and therefore is not entitled to *de novo* review. 28 U.S.C. § 636(b). For the reasons that follow, I will accept the recommendation in part and order the Plaintiff to show cause why this case should not be dismissed for failure to prosecute.

According to his amended Prisoner Complaint, Plaintiff was incarcerated in the Fremont Correctional Facility in May and June 2005. He alleges that he was placed in segregation based on the false accusations and testimony of the Defendant prison officers. Magistrate Judge Tafoya recommends dismissal because Plaintiff's claims are barred by the statute of limitations. She concludes, and I agree, that Plaintiff's claims accrued on June 6, 2005, which was when Plaintiff knew of his injury and its cause. However, the

earliest date his lawsuit can be considered to have commenced is June 24, 2007, which is the date he certifies that he mailed his original complaint. Because the statute of limitations on Plaintiff's claim is two years, pursuant to C.R.S. § 13-80-102, Magistrate Judge Tafoya concludes that Plaintiff's complaint is untimely.

Plaintiff argues in his response brief that the statute of limitations should be tolled during the time that he administratively appealed the decision. Unpublished authority from the Tenth Circuit supports this position. *See Smith v. Ortiz*, No. 05-1211, 2006 WL 620871 (10th Cir., March 14, 2006) (noting that "[t]he majority of circuits to address the issue have concluded that the statute of limitations applicable to a § 1983 action must be tolled while a prisoner completes this mandatory administrative remedy exhaustion process," but declining to decide the issue because the plaintiff's claims were untimely even with such tolling). Plaintiff's amended Prisoner Complaint is somewhat ambiguous as to whether he pursued administrative remedies; he checked "No" in response to the question "Did you exhaust available administrative remedies?" but also states that he filed a grievance. Accordingly, it is possible that if Plaintiff properly pursued his administrative remedies, the statute of limitations was tolled during the pendency of the appeal. Because this resolution is on a motion to dismiss and I must give Plaintiff the benefit of all reasonable inferences, I cannot conclude as a matter of law that his claims are time-barred based on the amended Prisoner Complaint.

Nonetheless, I note that Plaintiff did not file an objection to the recommendation and that recent mailings to Plaintiff have been returned to this Court as undeliverable (doc nos 47-49). Plaintiff is required to keep the Court apprised of his address changes. Regardless of Plaintiff's pro se status, he must comply with the Federal Rules of Civil Procedure, the

local rules of this Court, and the orders of this Court. Accordingly, I now order pursuant to D.C.COLO.LCivR 40.1 that the Plaintiff show cause on or before October 1, 2008 why this case should not be dismissed for failure to prosecute and failure to comply with this Court's local rules.

If Plaintiff fails to show cause in compliance with this order on or before October 1, 2008, this case will be dismissed without prejudice and without further notice.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Kathleen M. Tafoya (doc no 46), filed August 18, 2008, is accepted in part. I agree with Magistrate Judge Tafoya that Plaintiff's claims accrued on June 6, 2005. However, the statute of limitations may have been tolled during the pendency of any administrative appeals.

2. Defendants' Motion to Dismiss (doc no 17) is denied without prejudice. Defendants may refile their motion to dismiss presenting documentation, if any, concerning the timing of Plaintiff's pursuit of his administrative remedies to the disciplinary hearing and segregation decision.

3. Plaintiff shall show cause on or before October 1, 2008 why this case should not be dismissed for failure to prosecute.

DATED at Denver, Colorado, on September 10, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge