IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-cv-01441-WDM-KMT

DOUGLAS JAY WEST,

    Plaintiff,

v.

OFFICER SHANNON, PATRICIA (FCF), et al.,

    Defendants.

## ORDER OF DISMISSAL

Miller, J.

    On September 10, 2008, I issued an order to show cause (doc no 50) after receiving the recommendation of Magistrate Judge Kathleen M. Tafoya (doc no 46), filed August 18, 2008, that Defendants' Motion to Dismiss (doc no 17) be granted. Because recent mailings to Plaintiff from this court had been returned as undeliverable, I ordered, pursuant to D.C.COLO.LCivR 40.1, that Plaintiff show cause on or before October 1, 2008 why this case should not be dismissed for failure to prosecute and failure to comply with this Court's local rules. Plaintiff did not respond and the order mailed to Plaintiff was returned as undeliverable (doc no 52). Accordingly, I conclude that this case should be dismissed without prejudice pursuant to D.C.COLO.LCivR 40.1.

    However, in circumstances where dismissal without prejudice may nonetheless mean Plaintiff cannot refile the case because of the statute of limitations, I should consider the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These

factors include: (1) the degree of actual prejudice to the defendant from the plaintiff's conduct; (2) the amount of interference with the judicial process; (3) the culpability of the plaintiff; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction; and (5) the efficacy of lesser sanctions.

Applying these factors, I conclude first that Plaintiff's conduct has resulted in some prejudice to Defendants. Although the litigation thus far has involved only the filing of Defendants' Motion to Dismiss and related documents, Defendants cannot proceed on the merits of Plaintiff's claim in Plaintiff's absence. I note that Plaintiff's conduct has also resulted in some interference with the judicial process as well, since both Magistrate Judge Tafoya and I have had to issue show cause orders. Plaintiff appears to be entirely responsible for his absence, as he was responsible for keeping the court apprised of address changes and apparently has failed to do so. My order to show cause informed Plaintiff that if he failed to respond the case could be dismissed without further notice. Finally, given that Plaintiff's absence from this case appears to be completely within his control, it does not appear that a lesser sanction would have any effect. I conclude that all of the *Ehrenhaus* factors weigh in favor of dismissal.

Accordingly, it is ordered that this case is dismissed without prejudice pursuant to D.C. COLO. LCivR 41.1 for failure to prosecute.

DATED at Denver, Colorado, on October 15, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge